SULLIVAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. STREET RAILROAD — PERSONAL INJURY — NEGLIGENCE—EVIDENCE—SUFFI-
CIENCY.

Error of judgment and miscalculation on the part of one walking in dangerous proximity to a street car track as to the distance he could travel before an approaching car, which he saw and watched during the progress of his journey, would reach him, are insufficient to establish his right to recover, much less negligence on the part of the street railroad, even in the absence of signal of the approach of the car.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Michael Sullivan against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
John H. Rogan, for respondent.

MacLEAN, J. In the late forenoon of July 22, 1904, the plaintiff, employed upon the subway construction work on Fifty-Third street between Eighth and Ninth avenues, started, with a 100-pound pail of cement, from the south side of the street across the tracks of the defendant to a trench running parallel with the tracks, and when he was just on the south track observed a car about 150 feet away, going very fast. Between the north, or west bound, track and the trench was a space from 3 to 3½ feet, upon which a pile of dirt had been thrown. When he reached the bank to go down into the trench, the car was 50 feet away. He turned around, as he said, to clear the car, having barely room to stand, when the running board of the car struck the pail of cement held by him and resting upon the bank of dirt, and pail and man went into the trench. Need of signal was none, for the plaintiff saw the car and the speed of its approach, watching it all the time, and, as he said, there was room enough for him to stand if he could have reached a step that led to the trench. Error of judgment and miscalculation on his part, with injury, do not establish his right, much less negligence by the defendant, who may have judged, as the plaintiff with better knowledge of conditions and of his own burden judged, that he might, with the exercise of reasonable care, cross the track. Petri v. Third Ave. R. R. Co., 30 Misc. Rep. 254, 63 N. Y. Supp. 315. The exercise of superior judgment under the circumstances was not required by law of one more than the other, and therefore the judgment in favor of the plaintiff must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.